UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>                      v.<br><br>ALAN WEINBERG and WEINBERG & BAER LLC,<br><br>                            Defendants. | Civil Action No. 18-360 (BAH)<br>Chief Judge Beryl A. Howell |

**FINAL JUDGMENT AS TO DEFENDANTS ALAN WEINBERG
AND WEINBERG & BAER LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants Alan Weinberg and Weinberg & Baer LLC having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 10A(a)(2) of the Exchange Act [15 U.S.C.§ 78j-1(a)(2)], by failing, in each audit required by the Exchange Act of the financial statements of an issuer by a registered public accounting firm, in accordance with generally accepted auditing standards, as may be modified or supplemented from time to time by the Commission, to include procedures designed to identify related party transactions that are material to the financial statements or otherwise require disclosure therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Weinberg & Baer LLC is permanently restrained and enjoined from violating Rule 2-02(b)(l) of Regulation S-X [17 C.F.R. § 210.2-02(b)(l)] by misstating as to the audit included in the accountants' report, whether the audit was made in accordance with generally accepted auditing standards.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) defendant Weinberg & Baer LLC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant Weinberg & Baer LLC or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $56,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,899.82, for a total of $62,899.82.  Based on Defendants' sworn representations in their Statements of Financial Condition dated July 23, 2017, and other documents and information submitted to the Commission, however, the Court is not ordering Defendants to pay a civil penalty.  Defendants shall satisfy this obligation by paying $62,899.82 to the Securities and Exchange Commission beginning no later than 14 days after the entry of this Final Judgment pursuant to the terms of the payment schedule set forth in paragraph VI below.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Alan Weinberg and Weinberg & Baer LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendants' Statements of Financial Condition.  If at any time following the

entry of this Final Judgment the Commission obtains information indicating that Defendants' representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendants was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendants may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendants shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VI.**

Defendants shall pay the total of disgorgement and prejudgment interest due of $62,899.82 in seven installments to the Commission according to the following schedule:  (1) $5,000, within fourteen days of entry of this Final Judgment; (2) $9,649.97 within 180 days of entry of this Final Judgment; (3) $9,649.97 within 360 days of entry of this Final Judgment; (4) $9,649.97 within 540 days of entry of this Final Judgment; (5) $9,649.97 within 720 days of entry of this Final Judgment; (6) $9,649.97 within 900 days of entry of this Final Judgment; and (7) $9,649.97, plus post-judgment interest as may accrue, within 1,080 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Alan Weinberg, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Alan Weinberg under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Alan Weinberg of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: February 20, 2018

_____
BERYL A. HOWELL
Chief Judge