**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 18-360 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| ALAN WEINBERG and WEINBERG & BAER LLC, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

The defendant Alan Weinberg, who is proceeding *pro se*, has filed a Motion to Defer Payment ("Def.'s Mot."), ECF No. 6, "until such time that [he] can afford to resume payments," *id.* at 2, on a final judgment requiring him to disgorge, within 1,080 days, $62,899 reflecting the amount of his illicit profits and prejudgment interest, Final Judgment at 7, ECF No. 5, from his "aiding and abetting a fraudulent scheme to create and sell public shell companies," Compl. at 1, ECF No. 1.  To date the defendant has paid $14,650.  Def.'s Mot. at 1; Gov't's Opp'n Def.'s Mot. Defer ("Gov't's Opp'n") at 2, ECF No. 8.  The Court construes the defendant's motion as made pursuant to Fed. R. Civ. P. 60(b)(6), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any [] reason that justifies relief."  Upon consideration of the plaintiff Securities and Exchange Commission's ("SEC") objection to this motion, *see* Gov't's Opp'n at 1, and for the reasons set forth below, the defendant's motion is denied.

The defendant's sole argument, unsupported by any declarations or exhibits, is that, despite a "no frills standard of living," he has "no money left to pay the installments required by

1

the judgement." Def.'s Mot. at 2.  A motion to modify a final judgement, however, requires far more.  "When a party seeks relief under Rule 60(b), that party bears the threshold burden of proving that a 'significant change' in legal or factual circumstances 'warrants revision of the decree.'" *Salazar by Salazar v. District of Columbia*, 896 F.3d 489, 492 (D.C. Cir. 2018) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992)).  "A change in the facts qualifies as significant if it makes compliance with the decree 'substantially more onerous,' 'unworkable because of unforeseen obstacles,' or 'detrimental to the public interest.'" *Id.* (quoting *Rufo*, 502 U.S. at 384).  In a situation where "it is clear that a party anticipated changing conditions that would make performance of the decree more onerous but nevertheless agreed to the decree, that party would have to satisfy a *heavy burden* to convince a court that it agreed to the decree in good faith, made a *reasonable* effort to comply with the decree, and should be relieved of the undertaking under Rule 60(b)." *U.S. v. Western Elec. Co., Inc.*, 46 F.3d 1198, 1204 (D.C. Cir. 1995) (emphasis in original) (quoting *Rufo*, 502 U.S. at 385).

By the defendant's own admission, "[t]he fact that [he is] unable to pay under the present circumstances is not a surprise," Def.'s Mot. at 2, but rather, was known to the defendant at the time he "negotiated [his] settlement with the SEC," *id.*  According to the SEC, not only did the defendant anticipate closing his business at the time of the final judgment, he also "anticipated that his income for the next five years would remain approximately $2,600 a month," Gov't's Opp'n at 4, an amount that is "significantly *less* than" the approximate $3,723 a month income he now claims to earn, *id.*  Moreover, the SEC avers that the defendant's "lack of financial resources" have already been taken "into account when it decided to forego a penalty and seek only [the defendant's] illicit profits and prejudgment interest." *Id.*  Thus, granting the

defendant's request for "[a]n indefinite deferral would effectively grant him a windfall for knowingly aiding and abetting a fraud," Gov't's Opp'n at 5, which would "greatly undermine[]" the "deterrent effect of an SEC enforcement action," *Kokesh v. SEC*, 137 S. Ct. 1635, 1643 (2017) (internal quotations and brackets omitted) (quoting *SEC v. Rind*, 991 F.2d 1486, 1491 (9th Cir. 1993)).

In short, the defendant has alleged no change in law and no unforeseen change in facts; and as for his foreseen change in income, he has not satisfied his "heavy burden" to establish that he entered the consent decree in good faith and has made a reasonable effort to comply with it.

Accordingly, it is hereby

**ORDERED** that the defendant Alan Weinberg's Motion to Defer Payment, ECF No. 6, is DENIED.

**SO ORDERED**.

Date: February 19, 2019

_____

BERYL A. HOWELL
Chief Judge